IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

B. DARREL FLORENCE,

     Plaintiff,

vs.

CHARLES RIVER LABORATORIES,
INC.; ANDREA SOMMERFIELD,
individually; RICK LEE, individually;
and DAVID JOHST, individually,

     Defendants.

No. 02cv1449 PK/JHG

---

MEMORANDUM OPINION AND ORDER

---

THIS MATTER comes on for consideration of Plaintiff's Motion to Set
Aside Order Or In the Alternative to Reconsider filed April 30, 2003 (Doc. 27).
Upon consideration whereof,

(1)    Plaintiff seeks to set aside this court's order filed April 29, 2003
(Doc. 26) granting Defendant David Johst's motion to dismiss for
lack of personal jurisdiction filed April 2, 2003 (Doc. 16).  The
order was entered without benefit of Plaintiff's response because the
deadline for a response under the local rules had run and no one
informed the court that a response would be forthcoming.  The court
noted that the failure to file a response to the motion constitutes
consent to grant it under the local rules, but also granted the motion

to dismiss on the merits.  Doc. 26 at 2-3.  Plaintiff now informs the court that the parties had agreed to an extension of time for the Plaintiff to file the necessary response.  Subsequent to the entry of the order granting the motion to dismiss, Plaintiff has filed a response to the motion.

(2)     Plaintiff points out that under D.N.M. LR-Civ. 7.6(a) the parties may extend the time for a response or a reply "by agreement of all parties."[1]  Be that as it may, Fed. R. Civ. P. 6(b)[2] gives the court the

---

[1]  D.N.M. LR-Civ. 7.6 provides in pertinent part:

**Timing of and Restrictions on Responses and Replies.**
**(a) Timing.** A response must be served within fourteen (14) calendar days after service of the motion.  A reply must be served within fourteen (14) calendar days after service of the response. These time periods are computed in accordance with FED. R. CIV. P. 6(a) and (e) and may be extended by agreement of all parties.  If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable 14-day period. An extension of briefing time must not interfere with established case management deadlines.

[2]  Fed. R. Civ. P. 6(b) provides:

**(b) Enlargement.**  When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking

sole authority to extend time in these circumstances.  Rule 6(b) confers discretion on the district court, and "also provides the mechanism by which that discretion is to be invoked and exercised," i.e., any extension requires cause shown, and if the request is post-deadline, a motion is necessary along with a showing of excusable neglect.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 895-96 (1990).  Local rules must be consistent with the federal rules. Fed. R. Civ. P. 83; Whitehouse v. U.S. District Court for the District of R.I., 53 F.3d 1349, 1355 (1st Cir. 1995); In re Otasco, Inc., 981 F.2d 1166, 1167 (10th Cir. 1992).

(3)    To construe the local rule as binding the court to a timetable agreed to by the parties (and not approved by the court) would result in conflict with the federal rules.  Accordingly, the court construes D.N.M. LR-Civ. 7.6(a) as not dispensing with the requirement of an order by the court to extend the time for a response, even where the parties agree.  Thus, the court retains the power to manage its docket and it need not guess about when responses and replies are due.  As a practical matter, most parties submit a stipulation or a motion and

---

any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

a proposed order so as to obtain the court's approval of extensions.

(4)    Because counsel may have been unaware of the need to inform the court of the extension and seek approval, the court has reconsidered the response and reply to the motion to dismiss.  Plaintiff urges consideration of the following facts: (1) Defendant Johst's name, address and phone number are contained in the employee handbook (furnished to all employees) as someone who can resolve sexual harassment complaints, Doc. 28 at 3-5, (2) Mr. Johst discussed this matter with the Plaintiff by telephone and Mr. Johst then stated that "the problems were based upon 'local office culture,'" id. at Ex. A at 2, ¶ 12, (Plaintiff's Affidavit), (3) Mr. Johst instructed Plaintiff to resolve these issues with Plaintiff's immediate supervisior, Dr. Lee, and also arranged for a meeting between Plaintiff and Karen Oehrli in Baltimore, Maryland, id. at ¶ 13-16, and (4) Mr. Johst failed to resolve the problem, thereby creating jurisdiction through acts of omission.

(5)    None of these facts establish that Mr. Johst was a primary participant in alleged wrongdoing intentionally directed at Plaintiff in New Mexico.  Merely because Plaintiff could and did contact Mr. Johst in accordance with the employee handbook to resolve a problem does not suggest that Mr. Johst purposefully availed himself of a New

- 4 -

Mexico forum.  Mr. Johst's setting up a meeting in Maryland with Ms. Oehrli and Plaintiff  suggests just the opposite.  Plaintiff's argument that Mr. Johst's failure to resolve the problem confers jurisdiction is without merit, even assuming a tortious act; there still must be minimum contacts and purposeful availment.  <u>See</u> <u>Origins Nat. Res., Inc. v. Kotler</u>, 133 F. Supp.2d 1232, 1235 (D.N.M. 2001).

NOW, THEREFORE, IT IS ORDERED, after due consideration of Plaintiff's response (Doc. 28) and Defendant Johst's reply (Doc. 35) concerning the underlying motion to dismiss (Doc. 16):

(1) That the Motion to Set Aside Order Or In the Alternative to Reconsider filed April 30, 2003 (Doc. 27) is denied.

(2) That the Order (Doc. 26) granting the motion to dismiss is reaffirmed as modified and supplemented by this memorandum opinion and order.

DATED this <u>27th</u> day of May, 2003 at Santa Fe, New Mexico.

_Paul Kelly Jr._

_____

United States Circuit Judge
Sitting by Designation

Counsel:
John R. Hakanson, John R. Hakanson, P.C., Alamogordo, New Mexico, for Plaintiff.

Charles K. Purcell, Scott D. Gordon and Thomas L. Stahl, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, for Defendant David Johst.