IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| B. DARREL FLORENCE,<br><br>    Plaintiff,<br>vs.<br><br>CHARLES RIVER LABORATORIES,<br>INC.; ANDREA SOMMERFIELD,<br>individually; RICK LEE, individually;<br>and DAVID JOHST, individually,<br><br>    Defendants. | No. 02cv1449 PK/JHG |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants' Motion to Strike Plaintiff's Expert Witness Designation filed July 3, 2003 (Doc. 43). Upon consideration thereof,

(1) Plaintiff designated its expert witness (Dr. Allen M. Parkman) on economic damages on May 29, 2003. According to Defendants, Plaintiff has yet to provide an expert report due on May 30, 2003. See Doc. 24 at 4; Doc. 25 at 2; Fed. R. Civ. P. 26(a)(2). Pursuant to Fed. R. Civ. P. 37(c)(1), Defendants move to strike Dr. Parkman as an expert. Defendants contend that they were prevented from timely identifying and retaining a rebuttal expert in accordance with the June 30, 2003 deadline for doing so. They further contend that Plaintiff has not provided any substantial justification for this lapse.

(2)  In deciding whether to preclude expert testimony, the court should consider the following factors: "1) the prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or willfulness."  Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

(3) If not already provided, Plaintiff is directed to provide the expert report forthwith.  If a complete expert report is provided, the failure to provide it by the May 30 deadline will be harmless.  See Jacobsen v. Deseret Book Co., 287 F.3d 936, 953-54 (10th Cir. 2002) (substance of expert's testimony must be disclosed, otherwise, opposing party likely will be prejudiced).  This dispute involves naming an expert on economic damages, standard in most cases, not a rocket scientist.  Any prejudice to Defendants can be readily cured at this pretrial stage–Defendants shall have 30 days from the date of receipt of the expert report to designate their expert and provide a report.  This procedure will insure the trial is not disrupted.  The court finds no bad faith, but Plaintiff's counsel is admonished that further disregard of the rules, deadlines and settings in this case will not be tolerated.

NOW, THEREFORE, IT IS ORDERED:

(1) That Defendants' Motion to Strike Plaintiff's Expert Witness Designation filed July 3, 2003 (Doc. 43) is denied.

(2) That Plaintiff shall disclose the expert report of Dr. Parkman to Defendants forthwith.

(3) That Defendants shall have 30 days from the date of receipt of the expert report to designate their expert and provide a report to Plaintiff.

DATED this 24th day of July, 2003 at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:
John R. Hakanson, John R. Hakanson, P.C., Alamogordo, New Mexico, for Plaintiff.

Thomas L. Stahl and Aaron Viets, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, for Defendants.